|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE<br>FOURTH JUDICIAL DISTRICT<br>IN AND FOR DUVAL COUNTY,<br>FLORIDA |
| CMBG ADVISORS, INC., a California<br>corporation, as assignee for the benefit of<br>creditors of C&F Foods, Inc., a California<br>corporation, C&F Foods Logistics Services,<br>Inc., a California corporation, and Arizona<br>Flexible Packaging, Inc., an Arizona<br>corporation, | CIVIL DIVISION<br><br>CASE NO. 16-2021-CA-000267-XXX-MA<br>DIV.: CV-B |
| Plaintiff, | |
| v. | |
| R2 LOGISTICS, INC., a Florida corporation,<br>and DOES 1-10, inclusive, | |
| Defendants.<br>_____/ | |

## FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, CMBG Advisors, Inc., a California corporation, as assignee for the benefit of creditors of C&F Foods, Inc., a California corporation, C&F Foods Logistics Services, Inc., a California corporation, and Arizona Flexible Packaging, Inc., an Arizona corporation ("Plaintiff"), by and through its undersigned counsel, and sues R2 Logistics, Inc. and Does 1-10, and states as follows:

### PARTIES

1. Plaintiff is the assignee for the benefit of creditors of C&F Foods, Inc., a California corporation, C&F Foods Logistics Services, Inc., a California corporation, and Arizona Flexible Packaging, Inc., an Arizona corporation (collectively, "Assignors"), by virtue of a general assignment for the benefit of Assignors' creditors executed by Assignors on January 15, 2020 ("Assignment Date") in favor of Plaintiff pursuant to California Code of Civil Procedure ("C.C.P.") § 493.010, et seq. ("Assignment").

1

2. Pursuant to the Assignment, the Assignors assigned to Plaintiff all or substantially all of the Assignors' property and every right, claim, and interest of the Assignors, including the right to prosecute this action.

3. Plaintiff's principal place of business is located at 12400 Wilshire Blvd., Suite 1180, Los Angeles, California 90025.

4. The Plaintiff is informed and, on that basis, alleges that R2 Logistics, Inc. ("Defendant"), is a Florida corporation, with a principal place of business located at 10739 Deerwood Park Blvd., Suite 103, Jacksonville, Florida 32256.

5. The true names and capacities, whether individual, corporate associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants designated herein as a fictitiously named defendant is in some manner responsible for the events and happenings referred to, and caused the damage herein alleged. When Plaintiff has ascertained the true names and capacities of Does 1 through 10, inclusive, it will seek leave of this Court to amend its complaint by setting forth the same. Does 1 through 10 are hereinafter collectively referred to as "Doe Defendants," and together with Defendant, as "Defendants."

6. Plaintiff is informed and on that basis alleges that Defendant, and each of the Doe Defendants, was the agent, principal, partner, joint venturer or employee of each of the remaining defendants and in doing the things herein alleged, each was acting within the course and scope of such relationships with advance knowledge, acquiescence or subsequent ratification of each and every remaining defendant, and each of the Doe Defendants is therefore jointly and severally liable for the acts alleged herein.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Florida Statute 26.012. The amount in controversy exceeds $30,000.00.

8. Venue is proper in this Court pursuant to Florida Statutes 47.011, 47.021 and/or 47.051.

## COUNT I

**(Recovery of Preferential Transfers Against All Defendants)**
**California Code of Civil Procedure § 1800**

9. Plaintiff incorporates the allegations contained in Paragraphs 1 through 8 as though set forth fully herein.

10. On or within ninety (90) days before the Assignment Date, that is between January 14, 2020 and October 17, 2019 ("Preference Period"), Assignors made one or more transfers by check, wire transfer or its equivalent in an aggregate amount not less than $101,371.54 (hereinafter collectively referred to as the "Transfers") directly to, or for the benefit of, the Defendants herein. Attached hereto as *Exhibit "A"* and incorporated herein by reference is a list of the Transfers.

11. The Transfers were to or for the benefit of a creditor because the Transfers either reduced or fully satisfied a debt or debts then owed by Assignors to Defendants.

12. The Transfers were made for or on account of an antecedent debt because the Transfers were on account of a debt or debts owed by Assignors before the Transfers were made.

13. The Transfers from Assignors to Defendants were made while Assignors were insolvent, within the meaning of C.C.P. § 1800(a)(1), in that the sum of Assignors' debts was greater than the fair value of Assignors' assets.

14. By reason of the Transfers, Defendants received more on account of their debts than other creditors of the same class.

15. By virtue of the foregoing, Plaintiff is entitled to recover the Transfers from Defendants, plus prejudgment interest from the date of each of the Transfers to the date of judgment herein at the lawful rate, under C.C.P. § 3287 and other applicable law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendants on Count I of the First Amended Complaint and (a) avoid and set aside the Transfers; (b) award Plaintiff, and direct Defendants to pay, the amount of the avoided Transfers, together with prejudgment interest thereon at the legal rate allowed from the date of each of the Transfers; (c) award Plaintiff, and direct Defendants to pay, the costs incurred by Plaintiff in this action; and (d) grant such other and further relief that this Court deems just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves and does not waive any and all rights to (a) amend this First Amended Complaint, including, without limitation, to include any additional transfers and/or claims identified through discovery in this proceeding, and (b) assert claims against any third party who may be liable for all or part of the claims asserted herein.

**Dated:** January 26, 2021                **SEESE, P.A.**

By: */s Michael D. Seese*
　　　Michael D. Seese (FBN 997323)
101 N.E. 3rd Avenue, Suite 1270
Fort Lauderdale, FL 33301
Telephone No. (954) 745-5897
E-mail: mseese@seeselaw.com

*Counsel for Plaintiff*

# EXHIBIT "A"

## Transfers During Preference Period

| Payment Date | Check No./ Payment Reference | Transfer Amount |
|---|---|---|
| 10/21/19 | Check No. 214562 | $25,532.00 |
| 10/31/19 | Check No. 214708 | $25,418.52 |
| 11/05/19 | Check No. 214811 | $25,736.02 |
| 11/18/19 | Check No. 214975 | $24,685.00 |
| **Total Transfers: 4** | **Total Amount:** | **$101,371.54** |